**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30042 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-05294-RBL |
| v. | |
| JOSHUA ROBERT STARNES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Joshua Robert Starnes appeals from the 180-month sentence imposed following his guilty-plea conviction for transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Starnes contends that the district court committed procedural error by relying on a clearly erroneous factual finding in selecting his sentence, and by failing adequately to consider and explain the 18 U.S.C. § 3553(a) sentencing factors. There was no procedural error because the district court's factual findings were supported by the record, *see United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010), and because the district court's consideration and explanation of the relevant sentencing factors was sufficient to "communicate[] that the parties' arguments have been heard, and that a reasoned decision has been made," *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Starnes also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Starnes's below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). His contention that the sentence is unreasonable because the district court used the Guidelines range as an initial benchmark in selecting his sentence fails. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[S]entencing courts must continue to consider the applicable Guidelines range as the starting point and the initial benchmark" in child pornography cases) (internal quotation marks and citation omitted).

**AFFIRMED.**